# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALBERT HODGES,<br>Plaintiff,<br>v.<br>PHILLIP GILET,<br>Defendant. | Case No. 1:26-cv-07482-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(ECF No. 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff James Albert Hodges ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On October 21, 2026, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 8.) Plaintiff's first amended complaint, filed on November 6, 2026, is currently before the Court for screening. (ECF No. 9.)

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is currently housed at Kern Valley State Prison. Plaintiff names Phillip Gillet, public defender, as the sole defendant.

Plaintiff asserts that Defendant engaged in a conspiracy to railroad his own client. Plaintiff alleges: Defendant was assigned to represent him in trial. Plaintiff asked him to have his investigator go to the sober living home to talk to the other parolees. Plaintiff had been accused of indecent exposure by a fellow parolee while they were having a group class. There were 31 parolees in attendance. Plaintiff claims he was innocent, and the accuser and Plaintiff do not like each other. Plaintiff asserts that little did he know that the accuser would go through Plaintiff's property and find prison write-ups. Plaintiff had an addiction for masturbation. Plaintiff wrote Defendant to again have his investigator go to the sober living and talk to all 31 parolees because the accuser was the only person that supposedly saw the act, not even the teacher. Plaintiff claims that the investigator going to the sober living would not only prove his innocence, but also give a defense for him. Plaintiff asserts that Defendant was deliberately indifferent, saying because over Covid-19 they did not have investigators.

Plaintiff also told him that he wanted to hire a specialist that specialized in bite wounds. Plaintiff claims that a bite mark expert would come to trial to prove that the parole officer bit herself and falsified the arrest report. Defendant said, "Mr. Hodges you watch too much T.V. that the court don't do that that I would need to have money to hire my own expert." (ECF No. 9 at 4.) Plaintiff asked him for the evidence pictures and arrest reports. He said Plaintiff was not entitled to them, which Plaintiff knew was a lie. Plaintiff told the Defendant that he did not want him as attorney. Plaintiff asked him to conflict off the case. He said no. Plaintiff asks the court to acknowledge that Defendant was violating his life, liberty, and due process and that he was violating Plaintiff's 8th Amendment civil right of deliberate indifference and cruel and unusual punishment. Plaintiff also alleges that he said, "[i]f you don't conflict off my case I will rush you." (*Id.*) Defendant said, "Mr. Hodges if you rush me I will punch you in the face." (*Id.*) Plaintiff asserts that Defendant threatened him with violence, which is past ineffective assistance of counsel. Plaintiff further asserts that Defendant was being deliberately indifferent on purpose, he went against his client's wishes and Plaintiff was scared of him. Plaintiff had fired other public defenders. Plaintiff wanted to fight his own case but was denied. Plaintiff was told he had to work with Defendant. Plaintiff knew that he was scared of him, so he stopped going to court and gave up. Plaintiff alleges that he knew that because of Defendant, he had no defense and knew he would be going back to prison because his own trial attorney was out to railroad him. Plaintiff further alleges that the line of cross-examination was sick. He asked the accuser questions about Plaintiff's penis. Plaintiff indicates that he is sending court transcripts and he has attached certain excepts to his amended complaint. Plaintiff claims he was wrongfully convicted deliberately because his counsel wanted him to get convicted and it was a conspiracy.

Plaintiff claims Defendant violated his Sixth Amendment right for effective assistance of counsel, his Fifth Amendment right to due process, and his Eighth Amendment right against cruel and unusual punishment. Plaintiff additionally claims Defendant violated his Fourteenth Amendment right to equal protection, alleging:

> I was deprived by my own attorney life, liberty due process the court system has a process elements levels steps (rules) that must be followed my attorney deliberately violated them he made [me] give up on the justice systems he falsely

> misrepresented me the [tactics] he used in my trial was wrong if I had a . . . defense if the 31 other[] parolees get the camera footage of the group room he I had no defence [sic] has [tactics] was like I was guilty all he had to do was have his investigator investigate fight for me come on defendant asked the accuser if my penis was big out of all the question to ask defendant wasn't serious about defending me had came off as if I did it he didn't fight for my innocence for I pleaded not guilty defendant was more than ineffective assistance of counsel defendant is was why I was wrongfully convicted.

(*Id.* at 5-6.)

As relief, Plaintiff seeks compensatory and punitive damages.

**III. Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's amended complaint is not a short and plain statement of his claims. Plaintiff's allegations are disjointed, repetitive, and conclusory.

**B. Habeas Action and *Heck* Bar**

Plaintiff alleges that he was wrongfully convicted of indecent exposure due to the actions or inactions of his public defender, Defendant Gillet. To the extent Plaintiff is attempting to challenge his conviction or the validity of his continued confinement, the exclusive method for asserting that challenge is by filing a petition for a writ of habeas corpus.

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to section 1983's otherwise broad scope applies whenever state

prisoners "seek to invalidate the duration of their confinement-either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

Plaintiff's allegations are premised on allegations that he was improperly convicted of indecent exposure as result of the actions or omissions of his public defender. Plaintiff's allegations expressly implicate the validity of his conviction. However, Plaintiff may not pursue § 1983 damages for his allegedly unconstitutional conviction or imprisonment until Plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Plaintiff does not allege that his conviction has been reversed or otherwise invalidated. Thus, to the extent Plaintiff seeks to challenge his prosecution and conviction in this action, his claims are *Heck* barred.

**C. Public Defender**

Insofar as Plaintiff is attempting to bring a claim under Section 1983 against Phillip Gillet, the public defender assigned to represent Plaintiff in his state criminal action, he may not do so. To state a claim under Section 1983, Plaintiff must allege a deprivation of a right secured by the Constitution and laws of the United States "by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). Attorneys do not act under color of state law when they perform "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Accordingly, Plaintiff cannot state a cognizable Section

1983 claim against Defendant Gillet.

## IV. Conclusion and Recommendation

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable § 1983 claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 12, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE